IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CATERPILLAR FINANCIAL SERVICES CORPORATION,** | : : : | |
| Plaintiff, | : : | Case No. 2:06-cv-00246 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| **SMITH & JOHNSON CONSTRUCTION COMPANY,** | : : : : | |
| Defendant. | : : | |

**ORDER**

This matter comes before the Court on Plaintiff Caterpillar Financial Services Corporation's Motion for Preliminary Injunction against Defendant Smith & Johnson Construction Company. In light of the evidence presented during the preliminary injuction hearing on May 11, 2006, as well as Plaintiff's argument in support of its Motion, that Court finds that Plaintiff has met all of the requirements under Rule 65 of the Federal Rules of Civil Procedure ("Rule 65") to obtain a preliminary injunction in this case.

**A. Preliminary Injunction**

As a threshold matter, the obligations of Rule 65(a)(1) have been satisfied. The Court provided notice of the preliminary injunction hearing when it issued its Scheduling Order on April 27, 2006. Furthermore, the Court advised Defendant's statutory agent, Sean A. McCarter, of the date, time, location, and nature of the preliminary injunction proceeding in a telephone conversation. Therefore, Defendant was provided adequate notice under Rule 65(a)(1).

Also, the Court finds that Plaintiff has satisfied the elements required to obtain a

preliminary injunction. To grant a plaintiff's motion for preliminary injunction, a court considers four factors: (1) the likelihood that the plaintiff will prevail on the merits; (2) the irreparable injury to plaintiff if the relief is not granted; (3) whether the public interest will be harmed if the injunction is issued; and (4) the possibility of substantial harm to others if the injunction is issued. *See Schenk v. City of Hudson*, 114 F.3d 590 (6th Cir. 1997).

First, Plaintiff has demonstrated its likelihood of success on the merits. The Court finds that Defendant has defaulted on its monthly installment payment obligation under two security agreements to purchase five Caterpillar model 777D truck units (the "Model 777D Units"). Defendant has not made payments under the agreements since November 2005. Caterpillar also possesses a security interest in the Model 777D Units. The evidence demonstrates that Defendant has transported the Model 777D Units out of the United States and into Mexico for the purpose of selling such units, in an attempt to liquidate its assets and avoid payment of the debt. These actions violate the terms of the security agreements. Thus, Plaintiff has demonstrated a likelihood of success on the merits and an immediate injury.

Second, Plaintiff has also shown that it will suffer an irreparable injury if a preliminary injunction is not issued. The Court finds that Plaintiff cannot seek an adequate remedy at law because the Model 777D Units, which have been transported outside the United States, are subject to a security interest and a specific performance right under the agreements between Plaintiff and Defendant. Monetary compensation cannot provide the specific performance under the agreements or the return of the security. *See Trans Union Credit Info. Co. v. Associated Credit Services, Inc.*, 805 F.2d 188, 192 (6th Cir. 1986). Moreover, Plaintiff has shown that it cannot recover money damages because Defendant's financial strength is unlikely to satisfy its

current obligations under the agreement.  Thus, Plaintiff has demonstrated irreparable injury under Rule 65.

Third, the Court will not harm the public interest if it issues a preliminary injunction here.  The public interest is served when a court enforces contacts.  *Federal Deposit Insurance Co. v. Aetna Cas. and Sur. Co.*, 903 F.2d 1073, 1078 (6th Cir. 1990) ("[T]he usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligations . . . .") (internal citation omitted).  The preliminary injunction Plaintiff seeks here simply requests that Defendant honor the contract that it entered previously.  Accordingly, the Court finds that the public interest would be served if it issues a preliminary injunction.

Finally, there is little to no possibility of substantial harm to others if a preliminary injunction is issued here.  The evidence indicates that neither Defendant nor any other party will suffer any harm because Defendant does not have a right to possess the Model 777D Units under the agreements with Plaintiff.

After considering all of the factors under Rule 65 and relevant Sixth Circuit law, the Court orders that Plaintiff is entitled to the following preliminary injunctive relief:

(1) that Defendant immediately return the Model 777D units with serial numbers AGC01713, AGC01719, AGC01451, AGC01454, and AGC01458;

(2) that Plaintiff has the immediate and sole right to possession of the Model 777D units listed above;

(3) that Defendant return the Model 777D units listed above to Plaintiff at Empire Power Systems, 840 N. 43rd Avenue, Phoenix, Arizona 85009 no later than 5:00 p.m. on May 20, 2006;

(4) that Defendant take whatever steps are necessary to secure possession of the Model 777D units listed above;

and (5) that Defendant neither encumber nor otherwise damage the Model 777D units listed above.

Plaintiff's previously-issued bond in the amount of $1,000.00, which was posted with the Clerk's Office, shall remain in effect.

## B.  Default Judgment

Additionally, Plaintiff has moved for a default judgment against Defendant.  The evidence shows that Defendant was served with Plaintiff's Complaint on April 14, 2006.  Defendant has failed to appear or answer Plaintiff's Complaint.  The evidence presented at the preliminary injunction hearing demonstrates that Defendant owes Plaintiff the total sum of $3,381,743.55 as of May 11, 2006, and that Defendant is in default under the agreements.  Based on that evidence, the Court enters judgment in favor of Plaintiff in the amount of $3,381,743.55 plus interest in the amount of $242.02 per diem.

## C.  Permanent Injunction

Subsequent to this Court's entry of a preliminary injunction and its entry of default judgment against Defendant in this matter, Plaintiff moved to have the preliminary injunction made permanent.  Based upon the evidence presented at the preliminary injunction hearing and this Court's findings in favor of Plaintiff on its affirmative claims after the presentation of

evidence, the Court orders that the preliminary injunction stated above is hereby a permanent injunction.

    **IT IS SO ORDERED.**

                                      **/s/ Algenon L. Marbley**
                                      **ALGENON L. MARBLEY**
                                      **UNITED STATES DISTRICT JUDGE**

**DATED: May 16, 2006**